[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence January 13, 1994 Date of Application January 31, 1994 Date Application Filed January 31, 1994 Date of Decision October 24, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Ansonia/Milford.
Docket No. CR92-91399; CR92-914000; CR92-91401
Patrice A. Cohan, Esq., Counsel, for Petitioner.
Robert J. O'Brien, Esq., Supervisory Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of three counts of sale of marijuana in violation of General Statutes § 21a-277(b). After a presentence investigation sentence was imposed.
The facts underlying petitioner's conviction indicate that the Seymour Police Department were informed by a confidential party that petitioner was selling marijuana from her residence. The department conducted an investigation into the activity. During the course of this investigation, petitioner made three sales to undercover officers.
The attorney for petitioner requested a reduction in sentence. She argued that petitioner was essentially a user of marijuana who engaged in small level sales from her home. The attorney argued that there was no specific victim who suffered from petitioner's criminal activity. The attorney requested a reduction in sentence.
Speaking on her own behalf, petitioner stated that she was sorry for her offenses and that she had not engaged in the sale of marijuana prior to the sales for which she was convicted.
The State's attorney argued against any reduction in sentence. He argued that petitioner, with a significant prior criminal record, engaged in three separate sales of marijuana while on supervised home release.
There is some confusion over the actual sentence imposed. The transcript indicates that the sentencing judge imposed a sentence of seven years with the execution suspended after one and a half years and two years probation on each of three counts. These sentences were to be served consecutively. The total effective sentence was twenty-one years with the execution suspended after four and a half years.
The court indicated an intent to impose a sentence of seven years suspended after four and a half years with two years probation.
The court indicated sentence was appropriate under the circumstances. Petitioner came before the court with twelve prior convictions, including two violations of probation and CT Page 12499-OO a drug offense. The fact that petitioner was on supervised home release at the time she engaged in the criminal activity for which she was sentenced is particularly significant.
In light of the nature of the offenses, the character of the petitioner and the requirement of protecting the public, it cannot be found that the sentence indicated was inappropriate or disproportionate.
Accordingly, the sentence imposed must be modified by committing petitioner to the custody of the Commissioner of Corrections for a period of seven years with the execution suspended after four and a half years and two years probation on each of three counts. The sentences are to run concurrently with each other for a total effective sentence of seven years execution suspended after four and a half years and two years probation with the terms and conditions indicated by the sentencing court. The matter is remanded to the trial court for resentencing in accordance with this decision.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.